UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24501-LENARD/Elfenbein

**COURTNEY JENKINS**,

    Plaintiff,

v.

**AKIMA GLOBAL SERVICES, LLC**,

    Defendant.
_____/

## ORDER ON MOTION TO WITHDRAW

**THIS CAUSE** is before the Court on Counsel for Plaintiff's ("Counsel") Motion to Withdraw (the "Motion"), ECF No. [43]. The Honorable Joan A. Lenard has referred this matter to me "to hold a hearing and determine the [] Motion to Withdraw and all related motions and pleadings." ECF No. [44]. After holding hearings on this matter, the Court finds that the Motion should be **GRANTED**.

**I.   BACKGROUND**

On May 27, 2024, counsel for Plaintiff filed the instant Motion, seeking leave to withdraw pursuant to Rules 4-1.16(a)(1) and 4-1.16(b)(1)(2)(4) and (5) of the Florida Bar's Rules of Professional Conduct. *See generally* ECF No. [43]. First — in accordance with Rule 4-1.16(a)(1), counsel asserts that she must terminate her representation of Plaintiff, Courtney Jenkins ("Plaintiff"), because her failure to terminate would result in a breach of the duty of candor to the Court. *See* ECF No. [43] at ¶ 1-2. Counsel asked to be relieved of the duty to serve Plaintiff's sworn Answers to Interrogatories on Defendant consistent with the Florida Bar's Rules of Professional Conduct. *See id.* at ¶ 5. Second — in

accordance with Rules 4-1.16(b)(1),(2),(4), and (5), counsel maintains that her withdrawal is permissible under the rules because she "has advanced Plaintiff's case to a posture where withdrawal can be accomplished without material adverse effects to [Plaintiff's] interests." *Id.* at ¶ 4. Specifically, counsel states that she "prepared and served on Defendant Plaintiff's Interrogatories and Requests for Production" and "served on Defendant Plaintiff's responses to Defendant's Request for Production, along with Plaintiff's document production." *Id.* Counsel also notes that trial in this case "is not scheduled to take place until the Court's two-week calendar commencing March 24, 2025." *Id.*

In anticipation of counsel's filing, Plaintiff filed an affidavit on May 21, 2024, opposing the Motion on the ground that counsel's withdrawal would be "unfair and detrimental to [her] case" because she would be left "without ample time to find new representation" before her scheduled "depositions and mediation[.]" ECF No. [42] at 2-3; *see generally* ECF No. [46] at 2-3. Plaintiff also opposes the Motion on the ground that counsel purportedly misappropriated the legal fees Plaintiff paid her. *See* ECF No. [42] at 23, 26; *see generally* ECF No. [46] at 2-3.

Pursuant to Judge Lenard's Order of Referral, the Court held a hearing on the Motion on June 10, 2024. *See* ECF No. [48]. During that hearing, Plaintiff presented evidence of a $5,000.00 fee received by counsel but unaccounted for in counsel's explanation of legal services rendered. *See* ECF No. [46] at 7-8. Upon presentation of that evidence, the Court continued the hearing so that counsel could review her financial records and provide the Court with an explanation for the unaccounted-for $5,000.00 payment. The Court held a second hearing on June 13, 2024, during which counsel accounted for all fees associated with her representation of Plaintiff in this case under the retainer agreement and explained that certain payments were unrelated to her representation in this lawsuit and were instead related to a complaint she filed on Plaintiff's behalf

before the Equal Employment Opportunity Commission.  *See id.* at 7.  With that accounting, the Court cross-referenced Plaintiff's payment receipts with the retainer agreement and counsel's written explanation of legal services rendered and concluded that Plaintiff did not make an overpayment.

II.     **DISCUSSION**

The Local Rules for the Southern District of Florida provide that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel." S.D. Fla. L. R. 11.1(d)(3)(A).  It is within a district court's discretion to permit or deny a motion to withdraw as counsel.  *See Patnaude v. Sears Pest Control, Inc.*, No. 08-CV-61980, 2009 WL 10667065, at *2 (S.D. Fla. May 13, 2009)*; *Reagan v. TitleMax of Ala., Inc.*, No. 09-CV-912010 WL 11530503, at *1 (N.D. Fla. Apr. 15, 2010).  "Before granting an attorney's motion to withdraw, however, 'it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause.'" *Patnaude*, 2009 WL 10667065, at *2 (quoting *Mekdeci v. Merrell Nat'l Lab'ys*, 711 F.2d 1510, 1521-22 (11th Cir. 1983)).

First, counsel has demonstrated good cause for her withdrawal.  As discussed at the June 10 and 13, 2024, hearings (the "Hearings"), counsel's primary reason for filing the Motion is her belief that her continued representation of Plaintiff would violate the duty of candor she owes this Court.  It is well-settled in this circuit that attorneys "owe duties of complete candor and primary loyalty to the court before which they practice" and [a]n attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir.1993).  Because counsel claims that her continued representation would violate this duty, there is good cause for her withdrawal as

Plaintiff's attorney. Additionally, as stated in her filings and her arguments at the Hearings, Plaintiff mistakenly assumes that she overpaid counsel for her legal services and, based on that belief, refuses to pay counsel her agreed-upon fee going forward. Plaintiff's refusal to pay counsel further supports my finding that good cause exists for her withdrawal at this juncture. *See In re Egwim*, 291 B.R. 559, 575 (Bankr. N.D. Ga. 2003) ("[A] lawyer is not required, of course, to provide services without compensation.")

Having found that good cause exists for counsel's withdrawal, the Court must now determine whether the withdrawal would prejudice Plaintiff or delay her ongoing lawsuit; the Court finds that it would not. As previously discussed, counsel has "prepared and served on Defendant Plaintiff's Interrogatories and Requests for Production" and "served on Defendant Plaintiff's responses to Defendant's Request for Production, along with Plaintiff's document production." ECF No. [43] at ¶ 4. Moreover, the trial in this case is not scheduled to begin for another nine months. *See id.* While it is true that a *second* mediation is scheduled to take place in this case on June 27, 2024,[1] counsel has otherwise advanced this case to a posture where her withdrawal would not materially prejudice Plaintiff or delay the prosecution of this case. Moreover, counsel leaves Plaintiff ample time to retain new representation. *But cf. Reagan*, 2010 WL 11530503, at *1 ("When an attorney moves to withdraw on the eve of trial, it is generally denied."). In sum, considering all factors and weighing the interests of all parties, the Motion can be granted without prejudicing Plaintiff or delaying trial.

## III.    CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Leslie Holland's Motion to Withdraw, **ECF No. [43]**, is **GRANTED**. Leslie Holland is hereby **TERMINATED**

---

[1] The deadline to complete this mediation is September 1, 2024. ECF No. [30].

CASE NO. 23-CV-24501-LENARD/Elfenbein

as counsel of record for Plaintiff Courtney Jenkins.  Plaintiff Courtney Jenkins shall have until and including **July 12, 2024**, to hire new counsel as evidenced by a Notice of Appearance on the record or file a notice of her intention to proceed *pro se*.  Unless and until Plaintiff Courtney Jenkins hires new counsel, all filings **SHALL** be mailed to her address of record: 9401 Northwest 26th Avenue, Miami, Florida 33147, and e-mailed to: courtneyjmiami@aol.com.

**DONE and ORDERED** in Chambers in Miami, Florida on June 14, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

Courtney Jenkins, *pro se*
9401 Northwest 26th Avenue
Miami, Florida 33147